IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE THOMAS,<br><br>　　　　Petitioner,<br><br>vs.<br><br>M. MARTEL, Warden,<br><br>　　　　Respondent.<br>_____ / | 1:11-cv-00837-MJS (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |

　　　Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges a decision reached by the Board of Parole Hearings regarding his suitability for parole. Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis for this action.

　　　The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

　　　However, venue for a habeas action is proper in either the district of confinement or the

1 district of conviction. 28 U.S.C. § 2241(d).  The district court for the district wherein such an
2 application is filed in the exercise of its discretion and in furtherance of justice may transfer the
3 application to the other district court for hearing and determination. Id.

4 It is preferable for petitions challenging a conviction or sentence to be heard in the
5 district of conviction while petitions challenging the manner in which the  sentence is being
6 executed be heard in the district of confinement.  Dunne v. Henman, 875 F.2d 244, 249 (9th
7 Cir. 1989). In this case, Petitioner was convicted in Kern County, which is located within the
8 Eastern District of California.  He is currently incarcerated at San Quentin State Prison, in
9 Marin County, which lies within the Northern District of California.  Because the instant petition
10 is premised on events relating to Petitioner's parole proceedings, the court construes it as a
11 challenge to the execution of petitioner's sentence, as opposed to an attack on the conviction
12 itself. Thus, this matter should be addressed in the forum where petitioner is confined.
13 Therefore, the petition should have been filed in the United States District Court for the
14 Northern District of California.  In the interest of justice, the petition will be transferred to the
15 United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and
16 2241(d).

17 Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
18 States District Court for the Northern District of California.

20 IT IS SO ORDERED.
21 Dated:   May 25, 2011            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE